# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re:  Ernest & Mattie Harris, | : | |
| Debtors. | : | **BANKRUPTCY NO. 03-44826-H4-13** |
| Ernest & Mattie Harris, | : | |
| Plaintiffs, | : | |
| v. | : | **ADVERSARY NO. 08-3014** |
| Fidelity National Information Services Inc. d/b/a Fidelity National Foreclosure & Bankruptcy Solutions, | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Fidelity National Information Services, Inc. and Fidelity National Foreclosure & Bankruptcy Solutions, Inc. (collectively "Fidelity"), by and through its counsel hereby submits its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Complaint") and in support thereof, avers as follows:

### NATURE OF THE CASE

1.        Denied.

2.        Admitted.

3.        Denied.

4.        Denied as stated.  Fidelity provides non-legal administrative support services and related technology to each of its mortgage servicing clients, and the law firms (hereafter, "Network Attorneys") representing those mortgage servicing clients in foreclosure and bankruptcy matters.  These services are specifically set forth in ¶¶ A-EE of § 2 of Exhibit A to the Network Agreement (which is attached to the Complaint) (Bates "Saxon 0198-0199") and the Default Services Agreement which is attached to Plaintiffs' Response to Fidelity's Motion to Dismiss as Exhibit 2 (Bates "Saxon 0061-0074").

5.        Admitted in part, denied in part.  Fidelity admits that pursuant to the Default Services Agreement, it provides the services listed in Paragraph 5 to its clients.  The Default Services Agreement is attached to Plaintiffs' Response to Fidelity's Motion to Dismiss as Exhibit 2 (Bates "Saxon 0061-0074").  Fidelity denies the remaining allegations in Paragraph 5.

6.        Denied as stated.  The services that Fidelity provides to its mortgage servicing clients consist exclusively of non-legal administrative functions, including, among other

things, the transfer of its clients' foreclosure and bankruptcy files to the client-selected Network Attorneys via an automated referral system.

7.          Denied as stated.  Fidelity does not perform legal services, nor does it manage the performance of legal services, on behalf of its mortgage servicing clients.  The services Fidelity provides to its mortgage servicing clients consist exclusively of non-legal administrative functions.  Fidelity admits that it enters into Network Agreements with the Network Attorneys selected by each client for the transfer of its clients' foreclosure and bankruptcy files.

8.          Admitted in part, denied in part.  Fidelity admits that Plaintiffs have framed their claims as described in Paragraph 8 of the Complaint but denies that those claims have any merit.

9.          Denied.  Fidelity provides administrative support services and related technology to its mortgage servicing clients and the Network Attorneys each client selects to represent the clients on its foreclosure and bankruptcy files.  Specifically, Fidelity facilitates the exchange of data and communications on such files within its proprietary technology to enable its clients and their Network Attorneys to efficiently and effectively manage mortgage loans in default.  Fidelity performs a variety of non-legal administrative functions, including, among other things, initiating contact with client-selected Network Attorneys via an automated referral system, monitoring the status of client referrals, tracking action items, and providing its clients with various performance reports.  A description of the many services that Fidelity provides to its Network Attorneys is set forth in ¶¶ A-EE of § 2 of Exhibit A to the Network Agreement (which is attached to the Complaint) (Bates "Saxon 0198-0199").

10.          Denied.  The allegations contained in Paragraph 10 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity expressly denies that it has violated any provision of the Bankruptcy Code or applicable Bankruptcy Rules or that it is required to disclose its Network Agreements to the Court.

11.          Denied.  The allegations contained in Paragraph 11 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity expressly denies that it has violated any provision of the United States Code or that it is required to disclose its Network Agreements to the Court.

12.          Admitted in part, denied in part.  Fidelity admits that Plaintiffs seek relief but expressly denies that Plaintiffs are entitled to said relief, and expressly denies any violations of the Bankruptcy Code, applicable Bankruptcy Rules, or of the United States Code.

## JURISDICTION AND VENUE

13.          Denied.  The allegations contained in Paragraph 13 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

14.          Denied.  The allegations contained in Paragraph 14 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

15.        Denied.  The allegations contained in Paragraph 15 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

## PARTIES

16.        Admitted in part, denied in part.  Fidelity admits that Plaintiffs are Chapter 13 debtors in this Court and that they are asserting claims individually and on behalf of a class that has not been certified.  Fidelity denies that the alleged class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

17.        Admitted in part, denied in part.  Fidelity admits its state of incorporation and that its registered agent is Corporation Trust Company.  Fidelity further admits that it maintains a place of business at 601 Riverside Avenue, Jacksonville, Florida 32204-2901. Fidelity denies the remaining allegations contained in Paragraph 17.

18.        Admitted in part, denied in part.  Fidelity admits its state of incorporation and that its registered agent is Corporation Trust Company. Fidelity further admits that it maintains a place of business at 1270 Northland Drive, Suite 200, Mendota Heights, Minnesota 55120.  Fidelity denies the remaining allegations contained in Paragraph 18.

## FIDELITY: SECRET PUPPETMASTER OF CREDITOR'S LAWYERS[1]

19.        Admitted.

20.        Admitted in part, denied in part.  Fidelity admits that it provides "comprehensive data, servicing and technology solutions to large-scale mortgage servicing lenders." Fidelity denies the remaining allegations in Paragraph 20.

21.        Denied as stated.  Fidelity states that among the various non-legal administrative services its mortgage servicing clients may select, is an automated billing process that facilitates the electronic presentment of invoices by a client's Network Attorneys. Fidelity further states that Plaintiffs' characterization of Fidelity as "puppetmaster" is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken from each and every paragraph in which it appears.  Fidelity is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21 and, therefore, denies same.

22.        Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.        Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

---

[1]      Fidelity states that Plaintiffs' characterization of Fidelity as "puppetmaster" is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken from this heading.

24.        Denied.  Fidelity states that each client establishes the legal fees that its Network Attorneys will be permitted to invoice on each foreclosure and bankruptcy file.  Fidelity further states that the administrative fees it invoices a Network Attorney such as Mann & Stevens, is directly related to the administrative support services provided by Fidelity to the Network Attorney.  Fidelity further states that Mann & Stevens paid an administrative fee to Fidelity on April 23, 2004, before the entry of the Agreed Order, and, therefore, before Mann & Stevens was paid by Saxon.  See Declaration of June A. Mann ("Mann Declaration") at ¶ 14, a true and correct copy of which is attached hereto as Exhibit A. Fidelity expressly denies that it is required to disclose its Network Agreements to the Court.

25.        Denied.  The allegations contained in Paragraph 25 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

26.        Denied.  The allegations contained in Paragraph 26 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

27.        Denied.  Fidelity states that the administrative fees a Network Attorney is invoiced by Fidelity are separate and distinct from the legal fees that the Network Attorney may invoice the mortgage servicer.  Fidelity further states that its administrative fees are required to be paid by its clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor or whether the client ever pays its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

28.        Denied.  The allegations contained in Paragraph 28 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

29.        Denied.  The allegations contained in Paragraph 29 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that its administrative fees are required to be paid by its clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor or whether the client ever pays its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.  Fidelity states that Plaintiffs' characterization of Fidelity as "puppetmaster" is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken from each and every paragraph in which it appears.

30.        Denied.  The allegations contained in Paragraph 30 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity as "puppetmaster" is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken from each and every paragraph in which it appears.

## FIDELITY'S SECRET DEALS WITH MORTGAGE
## COMPANIES AND LAW FIRMS

31.      Denied as stated.  Fidelity admits that it enters into a Default Services Agreement
with each of its mortgage servicing clients.  Fidelity further admits that it enters into a
Network Agreement with the Network Attorneys selected by each client to represent it on
foreclosure and bankruptcy files.  Fidelity denies the remaining allegations and
scandalous matter in Paragraph 31.

32.      Denied as stated.  Fidelity admits that it enters into a Default Services Agreement
with each of its mortgage servicing clients.  The Default Services Agreement is a writing
which speaks for itself and any attempt to characterize its terms is improper.  Fidelity
denies the remaining allegations in Paragraph 31.

33.      Denied.

34.      Denied.  The Default Services Agreement is a writing which speaks for itself and
any attempt to characterize its terms is improper.  By way of further response, Fidelity
states that each client establishes the legal fees that its Network Attorneys will be
permitted to invoice on each foreclosure and bankruptcy matter.

35.      Denied.  The Default Services Agreement is a writing which speaks for itself and
any attempt to characterize its terms is improper.

36.      Denied.  Fidelity expressly denies the allegation that it is a party.  Fidelity states
that Plaintiffs' characterization of Fidelity as "puppetmaster" is merely a scandalous
allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the
Court to properly ascertain the causes of action being raised and, therefore, should be
stricken from each and every paragraph in which it appears.

37.      Denied.  Fidelity expressly denies the allegation that it is a party.  Fidelity states
that Plaintiffs' characterization of Fidelity as somehow operating in the shadows is
merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims
against it or to allow the Court to properly ascertain the causes of action being raised and,
therefore, should be stricken from each and every paragraph in which it appears.

38.      Denied.  The allegations contained in Paragraph 38 are conclusions of law to
which no responsive pleading is required.  To the extent these allegations may be deemed
factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in
Paragraph 38 is merely a scandalous allegation, devoid of any intent to inform Fidelity of
the claims against it or to allow the Court to properly ascertain the causes of action being
raised and, therefore, should be stricken.

39.      Denied.  The allegations contained in Paragraph 39 are conclusions of law to
which no responsive pleading is required.  To the extent these allegations may be deemed
factual, they are denied.

40.      Denied.  Fidelity does not hire law firms.  The Network Agreement is a writing
which speaks for itself and any attempt to characterize its terms is improper.  Fidelity
denies the remaining allegations in Paragraph 40.

41.          Denied.  Fidelity does not hire law firms.  The Network Agreement is a writing which speaks for itself and any attempt to characterize its terms is improper.  Fidelity denies the remaining allegations in Paragraph 41.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 41 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

## THE HARRISES – FIDELITY'S SCHEME IN ACTION

42.          Denied.  Fidelity states that it is not a creditor and that this Court has determined Fidelity is not a creditor.  Fidelity denies the remaining allegations in Paragraph 42.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 42 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

**Fidelity/Saxon's Objection to Harrises' Plan:**
**$200 in Attorneys' Fees, $50 Kicked Back to Fidelity**

43.          Denied.  The objection to the plan is a writing which speaks for itself and any attempt to characterize its terms is improper.  Fidelity denies the remaining allegations in Paragraph 43.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 43 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

44.          Denied as stated.  The amounts that Mann & Stevens is permitted to invoice Saxon for each foreclosure and bankruptcy matter were predetermined by Saxon and are set forth in the Network Agreement.  Exhibits B and C to the Network Agreement (which is attached to the Complaint) (Bates "Saxon 0200-0202").

45.          Denied.  Mann & Stevens paid an administrative fee to Fidelity for actual services provided.  This payment was made before the entry of the Agreed Order and, therefore, before the Plaintiffs were even obligated to pay Saxon.  Mann Declaration at ¶ 14.  Fidelity denies the remaining allegations in Paragraph 45.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 45 and the implication that it intentionally hid something from the Court which was required to be disclosed is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

46.          Denied.  The allegations contained in Paragraph 46 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 46 and the implication that it intentionally hid something from the Court which was required to be disclosed is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

47.          Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

**Fidelity/Saxon's Motion for Relief from Stay:**
**$650 in Attorneys' Fees, $150 Kicked Back to Fidelity**

48.     Denied. Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 48 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken. To the extent that the allegations in Paragraph 48 are not directed to Fidelity, the allegations are denied.

49.     Denied. The motion for relief is a writing which speaks for itself and any attempt to characterize its terms is improper. Fidelity denies the remaining allegations in Paragraph 49. To the extent that the allegations in Paragraph 48 are not directed to Fidelity, the allegations are denied.

50.     Denied as stated. Mann & Stevens invoiced Saxon for legal work performed on the motion for relief. Fidelity did not charge any fees to, or collect any money from, the Debtors. The Agreed Order is a writing which speaks for itself and any attempt to characterize its terms is improper. To the extent that the allegations in Paragraph 48 are not directed to Fidelity, the allegations are denied.

51.     Denied. The Network Agreement is a writing which speaks for itself and any attempt to characterize its terms is improper. Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 51 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

52.     Denied. The allegations contained in Paragraph 52 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. The Network Agreement is a writing which speaks for itself and any attempt to characterize its terms is improper. Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 52 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

### CLASSWIDE INJUNCTIVE BELIEF AND CORRESPONDING DECLARATORY AND EQUITABLE RELIEF (CREDIT, REFUND, AND DISGORGEMENT)

53.     Denied. Fidelity is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     Admitted in part, denied in part. Fidelity admits that the individual charges are small. Fidelity denies the remaining allegations in Paragraph 54 as it is without knowledge or information sufficient to form a belief as to the truth thereof.

55.     Denied. The allegations contained in Paragraph 55 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 55 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

56.      Denied.  The allegations contained in Paragraph 56 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

57.      Denied.  The allegations contained in Paragraph 57 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

58.      Denied.  The allegations contained in Paragraph 58 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

59.      Admitted in part, denied in part.  Fidelity admits that it has a proprietary web-based technology system.  The remaining allegations contained in Paragraph 59 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

## CLASS ALLEGATIONS

60.      Admitted in part, denied in part.  Fidelity admits that Plaintiffs assert the action on behalf of themselves and a putative class not yet certified.  Fidelity denies that the class meets the standards for class certification.

61.      Admitted in part, denied in part.  Fidelity admits that Plaintiffs seek to represent the defined class but Fidelity denies that any class can be certified..

62.      Denied.  The allegations contained in Paragraph 62 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification.

63.      Denied.  The allegations contained in Paragraph 63 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

64.      Denied.  The allegations contained in Paragraph 64 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

65.      Denied.  The allegations contained in Paragraph 65 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.

66.      Denied.  The allegations contained in Paragraph 66 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied. Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 66 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

67.        Denied.  The allegations contained in Paragraph 67 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

68.        Denied.  The allegations contained in Paragraph 68 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

69.        Denied.  The allegations contained in Paragraph 69 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.  Fidelity further denies that it "hires" Network Attorneys.

70.        Denied.  The allegations contained in Paragraph 70 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 70 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

71.        Denied.  The allegations contained in Paragraph 71 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

72.        Denied.  The allegations contained in Paragraph 72 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

73.        Denied.  The allegations contained in Paragraph 73 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

74.        Denied.  The allegations contained in Paragraph 74 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.  By way of further response, Fidelity is without knowledge or information sufficient to form a belief as to what Plaintiffs may or may not be committed to seeking.

75.      Denied.  The allegations contained in Paragraph 75 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.  By way of further response, Fidelity is without knowledge or information sufficient to form a belief as to what Plaintiffs may or may not understand.

76.      Denied.  The allegations contained in Paragraph 76 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.  By way of further response, Fidelity is without knowledge or information sufficient to form a belief as to what Plaintiffs may or may not intend.

77.      Denied.  The allegations contained in Paragraph 77 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

78.      Denied.  The allegations contained in Paragraph 78 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 78 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken. Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

79.      Denied.  The allegations contained in Paragraph 79 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

80.      Denied.  The allegations contained in Paragraph 80 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 80 is a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.

81.      Denied.  The allegations contained in Paragraph 81 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity denies that the class meets the standards for class certification and therefore denies Plaintiffs' ability to certify a class and denies the existence of class members.

## COUNT 1

### VIOLATION OF RULE 2016(a)
### (INJUNCTIVE RELIEF UNDER BANKRUPTCY CODE § 105(a) AND
### CORRESPONDING DECLARATORY AND EQUITABLE RELIEF

82.     Fidelity incorporates its responses to Paragraphs 1 through 81 as if set forth in full herein.

83.     Denied.  The allegations contained in Paragraph 83 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

84.     Denied.  The allegations contained in Paragraph 84 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity expressly denies that it is a creditor and further states that this Court has held that Fidelity is not a creditor, and, therefore, no disclosure requirement exists on the part of Fidelity.

85.     Denied.  The allegations contained in Paragraph 85 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity states that Plaintiffs' characterization of Fidelity in Paragraph 85 is merely a scandalous allegation, devoid of any intent to inform Fidelity of the claims against it or to allow the Court to properly ascertain the causes of action being raised and, therefore, should be stricken.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

86.     Denied.  The allegations contained in Paragraph 86 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

87.     Admitted in part, denied in part.  Fidelity admits that the Plaintiffs seek the relief set forth in Paragraph 87 but denies Plaintiffs' entitlement to same and denies the allegations of violations of the Bankruptcy Code, applicable Bankruptcy Rules, and of fee-splitting as conclusions of law.

## COUNT 2

### VIOLATION OF AUTOMATIC STAY
### (WITH INJUNCTIVE RELIEF UNDER BANKRUPTCY CODE § 105(a) AND
### CORRESPONDING DECLARATORY AND EQUITABLE RELIEF)

88.     Fidelity incorporates its responses to Paragraphs 1 through 87 as if set forth in full herein.

89.     Denied.  The allegations contained in Paragraph 89 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  Fidelity further states that this Court has already determined that Fidelity is not a creditor.

90.     Denied.  The allegations contained in Paragraph 90 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed

factual, they are denied. By way of further response, Fidelity expressly denies that it is required to disclose its administrative fees to the Court. Fidelity further states that it is paid an administrative fee by its mortgage servicer clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor or whether the client ever pays its Network Attorneys. <u>See</u> Network Agreement. These administrative fees, therefore, are not and cannot be property of the estate.

91.         Admitted in part, denied in part. Fidelity admits that the Plaintiffs seek the relief set forth in Paragraph 91 but denies Plaintiffs' entitlement to same and denies allegations of violations of the automatic stay and fee-splitting as conclusions of law.

92.         Denied. The allegations contained in Paragraph 92 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity expressly denies that it willfully or "willfully concealed" violations of the automatic stay.

93.         Denied. The allegations contained in Paragraph 93 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity expressly denies that it willfully violated the automatic stay, acted in reckless disregard, bad faith or actual knowledge of a violation of any law. Fidelity further denies Plaintiffs' entitlement to punitive damages.

94.         Denied. The allegations contained in Paragraph 94 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity expressly denies that it willfully or knowingly violated the Bankruptcy Code. Fidelity further denies Plaintiffs' entitlement to punitive damages.

## COUNT 3

## CIVIL CONSPIRACY

95.         Fidelity incorporates its responses to Paragraphs 1 through 94 as if set forth in full herein.

96.         Denied. The allegations contained in Paragraph 96 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

97.         Denied. The allegations contained in Paragraph 97 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

98.         Denied. The allegations contained in Paragraph 98 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity expressly denies that the administrative fees it receives from its mortgage servicing clients or their Network Attorneys are "kickbacks" or otherwise violate any law or rule.

99.         Denied. The allegations contained in Paragraph 99 are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

100.     Denied.  The allegations contained in Paragraph 100 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that it is paid an administrative fee by its mortgage servicing clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor or whether the client ever pays the legal fees to the Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors.

101.     Denied.  The allegations contained in Paragraph 101 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that it is paid an administrative fee by its mortgage servicer clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor, or whether the client ever pays the legal fees of its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.

102.     Denied.  The allegations contained in Paragraph 102 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that it is paid an administrative fee by its mortgage servicer clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor, or whether the client ever pays the legal fees of its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

103.     Denied.  The allegations contained in Paragraph 103 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that it is paid an administrative fee by its mortgage servicer clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor, or whether the client ever pays the legal fees of its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.  Fidelity further denies that it is a creditor, and states that this Court has already held that Fidelity is not a creditor.

104.     Denied.  The allegations contained in Paragraph 104 are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied.  By way of further response, Fidelity states that it is paid an administrative fee by its mortgage servicer clients or their Network Attorneys, regardless of whether the client is ever paid by its debtor, or whether the client ever pays the legal fees of its Network Attorneys.  Fidelity further states that in no instance are its administrative fees ever paid by the debtors to Fidelity.  Fidelity expressly denies that it is required to disclose its administrative fees to the Court.

## Prayer for Relief

105.     Admitted in part, denied in part.  Fidelity admits that the Plaintiffs seek the relief set forth in Paragraph 105 but denies Plaintiffs' entitlement to same and denies the allegations of violations of the Bankruptcy Code or applicable Bankruptcy Rules and of fee-splitting and kickbacks as conclusions of law.

### AFFIRMATIVE DEFENSES

1.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred by the Bankruptcy Court's lack of subject matter jurisdiction under 28 U.S.C. § 1334(b).

2.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred, in whole or in part, by the absence of any private right of action in the underlying statutes and regulations.

3.  The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

4.  The Complaint fails, in whole or in part, to allege a basis for the relief claimed.

5.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because Plaintiffs do not have a private cause of action for alleged violations of the Federal Rule of Bankruptcy Procedure 2016(a).

6.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because 11 U.S.C. § 105(a) does not provide Plaintiffs with a cause of action for alleged violations of Federal Rule of Bankruptcy Procedure 2016(a).

7.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because 11 U.S.C. § 105(a) does not permit the Court to create substantive rights that are not conferred by the Bankruptcy Code.

8.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred, in whole or in part, because the exact funds that are allegedly "property of the estate" cannot be traced from the Debtors to Fidelity, making it impossible to identify the specific funds in dispute.

9.  The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred, in whole or in part, because the funds purportedly constituting "property of the estate" lose any such status once such funds are paid by the debtors to another party such as Saxon Mortgage, which becomes the owner of such funds upon receipt of money or its equivalent during the conduct of business.

10. The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because Fidelity did not violate 11 U.S.C. § 362(a)(3).

11. State and common law claims alleged by Plaintiffs' and/or others claimed to be members of the putative class are preempted by the Bankruptcy Code.

12. The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because they are improper collateral attacks on the prior Agreed Order resolving Saxon's motion for stay relief in the Plaintiffs' bankruptcy case.

13. Plaintiffs' claims are barred by the applicable statute of limitations.

14. The causes of action are barred by *res judicata*.

15. The causes of action are barred by the doctrine of equitable estoppel, judicial estoppel and/or promissory estoppel.

16.       The causes of action are barred by the applicable statute of limitations or the doctrine of laches.

17.       The causes of action are barred by the doctrine of waiver.

18.       The causes of action are barred by accord and satisfaction.

19.       The causes of action are barred by the doctrine of voluntary payment.

20.       The causes of action are subject to Fidelity's rights of setoff.

21.       The causes of action are subject to Fidelity's rights of recoupment.

22.       Plaintiffs and/or others claimed to be members of the putative class are not entitled to recover counsel fees in this action pursuant to any rule, statute, case law or other substantive law.

23.       Plaintiffs' injuries or damages, if any, are *de minimis*.

24.       Plaintiffs' alleged injuries or damages were not the proximate result of any alleged conduct or failure to act by Fidelity.

25.       Plaintiffs' and/or others claimed to be members of the putative class are not entitled to and are otherwise barred from recovering any alleged damages.

26.       Plaintiffs' and/or others claimed to be members of the putative class are not entitled to punitive damages.

27.       Plaintiffs' claims are barred by the Plaintiffs' lack of standing.

28.       The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because Fidelity is not a creditor.

29.       The claims of Plaintiffs' and/or others claimed to be members of the putative class are barred because Fidelity did not receive "property of the estate."

30.       Plaintiffs' claims are barred because Plaintiffs failed to plead facts establishing a plausible claim.

31.       The Complaint fails to qualify as a class action under Fed. R. Civ. P. 23 made applicable in bankruptcy cases by Fed. R. Bankr. P. 7023 because, *inter alia*, the Complaint fails to meet the numerosity, typicality, commonality, superiority and predominance requirements for class actions.

32.       This action may not be maintained as a class action under Fed. R. Civ. P. 23 made applicable in bankruptcy cases by Fed. R. Bankr. P. 7023, pursuant to Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(b), (b)(2), and (b)(3).

33.       The Complaint is not appropriate for treatment as a class action given the diversity of laws, claims, issues and defenses implicated.

34.       All allegations concerning existence of a purported "class" must be stricken because the purported "class" does not meet the requirements of Fed. R. Civ. P. 23 and/or

- 15 -

because Plaintiffs, and each of them, are inadequate and inappropriate class representatives.

35.      Fidelity reserves the right to raise any and all affirmative defenses which may become apparent during the course of this action, and accordingly, to amend its Answer to the First Amended Complaint.

Dated:  April 21, 2008

Respectfully submitted,

WINSTEAD PC

By:  _Joseph G. Epstein_

Michael P. Cash, Esquire
Texas Bar No.  03965500
S.D. Texas No.  5472
Attorney-In-Charge
Joseph G. Epstein, Esquire
Texas Bar No.  06639320
S.D. Texas No.  11733
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: 713-650-8400
Facsimile: 713-650-2400

-and-

Of Counsel:

Mark S. Melodia, Esquire
Kurt F. Gwynne, Esquire
Barbara K. Hager, Esquire
Thomas Levinson, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215-851-8100
215-851-1420 (facsimile)

Counsel for Fidelity National
Information Services, Inc.

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, a true and correct copy of the foregoing instrument has been served on all parties entitled to receive notice via the Court's Electronic Filing System and by United States Mail, postage prepaid and properly addressed to the persons or parties listed below.

/s/Joseph G. Epstein
Joseph G. Epstein

Johnnie Patterson
Michael Walker
Miriam Goott
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, Texas 77208

David K. Bissinger
Gerald S. Siegmyer
SIEGMYER, OSHMAN & BISSINGER LLP
2777 Allen Parkway, 10th Floor
Houston, Texas 77019